UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FRUIT OF THE LOOM, INC.            PLAINTIFF

v.                       CIVIL ACTION NO. 1:17-cv-112-GNS

EN GARDE, LLC                  DEFENDANT

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Fruit of the Loom, Inc. ("Fruit"), by and through its undersigned counsel, hereby submits its complaint against Defendant En Garde, LLC ("En Garde") as follows:

## NATURE OF THE ACTION

1.       This is an action brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, trademark dilution, and unfair competition.

## THE PARTIES

2.       Plaintiff Fruit of the Loom, Inc. is a New York corporation with a principal place of business at One Fruit of the Loom Drive, Bowling Green, Kentucky 42103.

3.       On information and belief, Defendant En Garde, LLC is a Texas limited liability company with an address at 1634 Columbia Street, Houston, Texas 77008, or at 1207 Teal Ct. N, Pearland, Texas 77584.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (civil action arising under any Act of Congress relating to trademarks).

5.      This Court has personal jurisdiction over En Garde because it has transacted business within this state and in this judicial district, and its actions, as described herein, are injuring Fruit's intellectual property located within this judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

## BACKGROUND

### A.      Fruit of the Loom

7.      Plaintiff Fruit is an apparel manufacturer with roots dating back to 1851, when brothers Benjamin and Robert Knight commenced producing cotton cloth and textiles in Warwick, Rhode Island.

8.      Today, more than 160 years later, Fruit is a global business based in Bowling Green, Kentucky.  Fruit's parent and affiliated companies employ more than 30,000 people worldwide.

9.      Fruit offers a wide range of goods, including underwear, casualwear, sleepwear, and socks sold at retail, and blank garments sold to wholesalers and screen printers, for decoration and distribution and re-sale to the public.

10.     Fruit is famous for its colorful T-shirts, activewear, and underwear that are known by consumers in all corners of the globe, and the Fruit brand is synonymous with providing quality, value, and style.

11.     Fruit, through its predecessor-in-interest, first registered the trademark THE FRUIT OF THE LOOM and Design in the U.S. Patent and Trademark Office on August 8, 1871, under U.S. Registration 418, making it one of the country's oldest brands.

12.     Fruit is the current owner of, and is currently using in United States commerce, marks consisting of or incorporating "FRUIT," "FRUIT OF THE LOOM," and/or designs incorporating fruit elements in connection with, inter alia, clothing or textile goods, including T-shirts, underwear, activewear, and socks (the "FRUIT OF THE LOOM Marks").

13.     Fruit currently owns numerous federal registrations for its FRUIT OF THE LOOM Marks, including without limitation the following, several of which have become incontestable within the meaning of the Lanham Act:

| Trademark | Serial/Reg. | First Use | Goods |
|---|---|---|---|
| FRUIT ᴼᶠ ᵀᴴᴱ LOOM | 174,998 | 1891 | Women's and children's textile underwear; pajamas for men |
| (fruit design) | 913,838 | 1891 | Clothing for men, women and children namely, underwear, lingerie, sport and knit shirts, pants, shorts, pajamas, gym shorts and jackets, socks, hosiery |
| FRUIT OF THE LOOM (design) | 1,234,708 | 1891 | Clothing for Men, Women and Children-Namely, Underwear, Lingerie, Pajamas, Sleeping Suits, Socks, Hosiery |
| FRUIT OF THE LOOM | 1,876,708 | 1891 | Apparel for men, women and children; namely, underwear, lingerie, shirts, tee shirts, tank tops, long sleeve tee shirts, sweatshirts, sweatpants, socks, hosiery, leotard tights, shorts, brassieres, panties |
| FRUIT OF THE LOOM BRAND SHOP | 4,146,754 | 2011 | Retail store services featuring apparel, footwear, sporting goods, sports-related equipment, exercise equipment |
| FRUIT OF THE LOOM (design) | 4,227,455 | 2012 | Bottoms; Socks; Tops; Underwear |
| FRUIT OF THE LOOM | 4,372,394 | 2013 | Computerized on-line retail store services in the field of clothing |

| Trademark | Serial/Reg. | First Use | Goods |
|---|---|---|---|
|  | 4,372,395 | 2013 | Computerized on-line retail store services in the field of clothing |
| FRUIT INK | 4,408,550 | 2013 | Custom imprinting of clothing; Screen printing |
|  | 4,485,501 | 2013 | Sleepwear; Swimwear |
| FRUIT OF THE LOOM | 4,491,448 | 2013 | Sleepwear; Swimwear |

14.    Fruit sells goods bearing the FRUIT OF THE LOOM Marks through various channels of trade, including but not limited to national mass market retail stores, regional discount retailers, mid-tier department stores, variety stores, e-retailers, Fruit's website at http://www.fruit.com, and Fruit's Fruit of the Loom Brand Store.

15.    Fruit has advertised goods bearing the FRUIT OF THE LOOM Marks in various media, including print advertisements, television advertisements, sports sponsorship, and online advertisements; its websites at http://www.fruit.com, http://www.fruitoftheloom.com, and http://www.fruitactivewear.com; and active social media campaigns.

16.    Fruit has expended substantial amounts of money, time, and effort in advertising, promoting, and popularizing its FRUIT OF THE LOOM Marks over many years and in preserving the goodwill associated therewith.

17.    The FRUIT OF THE LOOM Marks are conceptually strong, distinctive, and famous, and are widely recognized in the United States and worldwide as the identifier of Fruit and its high-quality goods and services.  Fruit's FRUIT OF THE LOOM Marks have become distinctive of and associated in the minds of the trade and purchasing public with Fruit as a well-known provider of its goods.

4

18.     The public has come to know Fruit's FRUIT OF THE LOOM Marks and recognize that any goods so marked originate with Fruit.  By virtue of these efforts and by virtue of the excellence of its goods, Fruit has gained a valuable reputation for its FRUIT OF THE LOOM Marks.

19.     Fruit has developed the FRUIT OF THE LOOM Marks at great expense and they are valuable and irreplaceable assets.  Additionally, Fruit has invested substantial sums in advertising and promoting its goods under the FRUIT OF THE LOOM Marks in connection with the marketing and sale of various apparel items.

20.     As a testament to these efforts, Fruit has experienced substantial sales of goods offered in connection with its FRUIT OF THE LOOM marks in terms of volume and geographic extent, and has received substantial third party recognition as a leading apparel brand.

**B.      En Garde's Application to Register FRUIT OF THE TOMB**

21.     On July 8, 2015, En Garde filed with the United States Patent and Trademark Office ("USPTO") an intent-to-use Application Serial No. 86/687,285, seeking registration of the trademark FRUIT OF THE TOMB (the "FRUIT OF THE TOMB Mark") for use with "clothing, namely, t-shirts, pants, hats, socks, swim suits and shorts" in International Class 25 (the "Application").

22.     Upon learning of En Garde's Application, Fruit sent a letter to En Garde dated October 6, 2015, requesting withdrawal of the Application and an agreement not to use the FRUIT OF THE TOMB Mark in connection with the sale of apparel.

23.     After receiving no response from En Garde, Fruit filed Opposition No. 91225009 with the USPTO Trademark Trial and Appeal Board ("TTAB") on November 25, 2015, asserting

claims under Sections 2(d) (priority and likelihood of confusion) and 43(a) (dilution) of the Lanham Act (the "Opposition"), which remains pending.

**C.      En Garde's Use of FRUIT OF THE TOMB in Connection with Apparel**

24.      On March 1, 2016, En Garde submitted discovery responses in the Opposition that indicated it had not commenced the sale or advertising of goods bearing the FRUIT OF THE TOMB Mark.

25.      On information and belief, on April 9, 2016, En Garde or an individual affiliated therewith registered the Internet domain name fruit-of-the-tomb.co with Internet domain name registrar Tucows Domains, Inc., using the privacy protection service Contact Privacy Inc.

26.      On information and belief, in or around June 2016, En Garde commenced selling apparel locally in Houston, Texas and launched a "Shopify" web page to sell apparel in connection with the FRUIT OF THE TOMB Mark.

27.      In supplemental discovery responses in the TTAB proceeding dated May 26, 2017, En Garde claimed that it had commenced using the FRUIT OF THE TOMB Mark in interstate commerce in September 2016.

28.      En Garde currently operates an online store selling apparel and handbags at http://fruit-of-the-tomb.co and http://fruit-of-the-tomb.myshopify.com, which prominently display the FRUIT OF THE TOMB Mark:



29.     En Garde also advertises and sells apparel in connection with the FRUIT OF THE

TOMB     Mark     on     social     media     platforms,     including     Facebook     at

https://www.facebook.com/FruitoftheTomb/, and Twitter using the handle @tomby1031:

 

30.     En Garde has advertised, sold, and distributed merchandise bearing or in

connection with the FRUIT OF THE TOMB Mark to customers in this judicial district.

**D.**     **En Garde's FRUIT OF THE TOMB Mark is Likely to Cause Confusion with and Dilution of Fruit's FRUIT OF THE LOOM Marks.**

31.     Fruit's FRUIT OF THE LOOM Marks are arbitrary marks as applied to apparel, and are conceptually and commercially strong.

32.     Fruit's FRUIT OF THE LOOM Marks are famous and distinctive within the meaning of the United States Lanham Act, and had achieved such fame well prior to En Garde's adoption of the FRUIT OF THE Tomb Mark.

33.     En Garde's FRUIT OF THE TOMB Mark is confusingly similar in sight, sound, and overall commercial impression to Fruit's FRUIT OF THE LOOM Marks.

34.     The goods offered and sold by En Garde in connection with the FRUIT OF THE TOMB Mark, namely, T-shirts and other apparel items, are identical and/or substantially similar to the goods that Fruit has offered under its FRUIT OF THE LOOM Marks since long before En Garde's application to register or use the FRUIT OF THE TOMB Mark.

35.     En Garde's goods bearing the FRUIT OF THE TOMB Mark are sold through the same trade channels as Fruit's FRUIT OF THE LOOM goods.

36.     En Garde adopted the FRUIT OF THE Tomb Mark with actual knowledge of Fruit and its FRUIT OF THE LOOM Marks, with the intent to select a mark similar thereto and/or to create an association with Fruit's famous FRUIT OF THE LOOM Marks.

37.     The parties' respective goods are relatively inexpensive, and thus the degree of customer care exercised when purchasing such goods is relatively low.

38.     As a result of En Garde's actions, Fruit was required to hire the law firm Thompson Hine LLP, and is obligated to pay its attorneys a reasonable fee for their services.

8

## COUNT 1

### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

39.      Fruit incorporates by reference the allegations of Paragraphs 1-38 above.

40.      En Garde's unauthorized use in commerce of a mark that is confusingly similar in sight, sound, and overall commercial impression to Fruit's FRUIT OF THE LOOM Marks in connection with the advertisement and sale of goods identical to and/or substantially similar to those offered by Fruit, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of En Garde's goods, and is likely to cause consumers to mistakenly believe that En Garde's goods have been authorized, sponsored, approved, endorsed, or licensed by Fruit, or that En Garde is the same as or is in some way affiliated with Fruit or the goods Fruit offers under its marks.

41.      En Garde's acts constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.      En Garde's infringement of the FRUIT OF THE LOOM Marks entitles Fruit to recover monetary relief pursuant to 15 U.S.C. § 1117, including damages, profits, costs, and reasonable attorneys' fees.

43.      En Garde's acts of infringement of the FRUIT OF THE LOOM Marks has caused and will continue to cause irreparable injury to Fruit if not restrained by this Court from further violation of Fruit's rights.  Fruit has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT 2

### (Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

44.      Fruit incorporates by reference the allegations of Paragraphs 1-43 above.

9

45.     Fruit's FRUIT OF THE LOOM Marks are famous and distinctive within the meaning of the Lanham Act.

46.     Fruit's FRUIT OF THE LOOM Marks became famous long prior to En Garde's adoption and use of the FRUIT OF THE TOMB Mark.

47.     En Garde's adoption and use of the highly similar FRUIT OF THE TOMB Mark will lessen the capacity of Fruit's famous and distinctive FRUIT OF THE LOOM Marks to distinguish and identify Fruit's goods and services from those of others, thereby diluting the distinctive quality of Fruit's FRUIT OF THE LOOM Marks in violation of 15 U.S.C. § 1125(c), and causing damage to Fruit within the meaning of 15 U.S.C. § 1063.

48.     En Garde's dilution of the FRUIT OF THE LOOM Marks entitles Fruit to recover monetary relief pursuant to 15 U.S.C. § 1117, including damages, profits, costs, and reasonable attorneys' fees.

49.     En Garde's acts of dilution have caused and will continue to cause irreparable injury to Fruit if not restrained by this Court from further violation of Fruit's rights.  Fruit has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT 3

### (Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a))

50.     Fruit incorporates by reference the allegations of Paragraphs 1-49 above.

51.     En Garde's adoption and unauthorized use in commerce of a confusingly similar mark with the advertising, marketing, and sale of apparel items that are identical to those offered by Fruit in connection with its incontestable trademark rights, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of En Garde's goods, and is likely to cause consumers to mistakenly believe that En Garde's apparel items have been authorized, sponsored, approved, endorsed, or

10

licensed by Fruit, or that En Garde is in some way affiliated with Fruit or the goods and services that Fruit offers under its marks.

52.    En Garde's acts, alleged herein, constitute infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.    By reason of En Garde's actions, Fruit has suffered irreparable harm to its valuable trademarks and service marks and the goodwill associated therewith. Fruit has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

54.    As a direct and proximate result of En Garde's conduct, Fruit has suffered and will continue to suffer damages in an amount to be proved at trial.

**RELIEF REQUESTED**

**WHEREFORE**, Fruit requests that this Court enter Judgment in favor of Plaintiff Fruit of the Loom, Inc. that:

a.    En Garde has willfully and deliberately violated 15 U.S.C. §1114(a), that Fruit has been damaged by such violations, and that En Garde is liable to Fruit for such violations;

b.    En Garde has willfully and deliberately violated 15 U.S.C. §1125(c), that Fruit has been damaged by such violations, and that En Garde is liable to Fruit for such violations;

c.    En Garde has willfully and deliberately violated 15 U.S.C. §1125(a), that Fruit has been damaged by such violations, and that En Garde is liable to Fruit for such violations;

d.    Under all claims for relief, for an Order that En Garde, its  affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from using the FRUIT OF THE LOOM Marks, the FRUIT OF THE TOMB Mark, and/or any confusingly similar marks or colorable

11

imitations thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by En Garde;

      e.     For an Order instructing the USPTO TTAB to deny registration of U.S. Application Serial No. 86/687,285, and to enter judgment in favor of Fruit in Trademark Opposition No. 91225009.

      f.     For an Order awarding damages pursuant to 15 U.S.C. § 1117, including but not limited to all gains, profits, and advantages derived from En Garde's sale of goods in connection with the FRUIT OF THE TOMB Mark, Fruit's damages and costs, and treble damages for En Garde's willful and intentional misconduct.

      g.     For an award of Fruit's costs and disbursements incurred in this action;

      h.     For an order awarding attorneys' fees for violation of the Lanham Act, or as otherwise allowed by law or equity;

      i.     For an award of interest, including prejudgment and post judgment interest at the statutory rate; and

      j.     Any other additional relief as the Court deems just and proper.

Date:  June 27, 2017           Respectfully submitted,

                            /s/ Carrie A. Shufflebarger
                            Carrie A. Shufflebarger (KY Bar. No. 90705)
                            Jesse Jenike-Godshalk (*pro hac vice* pending)
                            Thompson Hine LLP
                            312 Walnut Street, 14th Floor
                            Cincinnati, Ohio 45202-4089
                            (513) 352-6678
                            Carrie.Shufflebarger@ThompsonHine.com

## **VERIFICATION**

Lis Cravens, of full age, being duly sworn according to law, upon her oath, deposes and says:

I am Senior Vice President Brand Management and Sales for Union Underwear Company, Inc., doing business as Fruit of the Loom, the parent company of Plaintiff Fruit of the Loom, Inc. ("Fruit").  I have read the foregoing Complaint and all the allegations contained therein.  Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Complaint are true based on my personal knowledge, the records of Fruit or information available through employees or agents of Fruit.

_____

Lis Cravens

Sworn and subscribed to before
me this **26** day of June, 2017.

_____
NOTARY PUBLIC
My comission Expires Feb 7, 2020

13